IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | NO. 25-CR-1430 MIS |
| ) | |
| vs. ) | |
| ) | |
| **LUIS JESUS ESCOBEDO-MOLINA,** ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO SUPPLEMENTAL ORDER TO SHOW CAUSE**

The United States of America files this response to the Court's Supplemental Order to Show Cause. The Court's Order directs the United States to advise it as to what steps were taken to maintain Defendant's presence in the United States. It further directs either party to inform the Court as to the dates that Defendant was taken into ICE custody and deported, where Defendant was held in ICE custody, and to which country Defendant was deported to.

1. Steps Taken to Maintain Defendant's Presence in the United States

The Court has directed the United States to detail what steps it took to maintain Defendant's presence in the United States.

The United States notes that the general practice in these cases has involved the magistrate judge arraigning defendants on the three-count information, allowing defendants to plead to the illegal entry count, severing the military-trespass counts, and releasing the defendants on own-recognizance bonds. The United States has routinely noted its objection on the record to this procedure. The United States is precluded from arguing that the prospect of removal creates a risk of non-appearance, *see Ailon v. Ailon*, 875 F.3d 1334 (10th Cir. 2017), but has argued that the defendants remain a risk of flight due to lacking legal status in the United States and the attempt they have already made to avoid proper inspection from immigration officials by entering at a

location other than a designated port of entry. Regardless, the practical effect of a magistrate court's release order has been the defendants' transferal to ICE custody and ultimate deportation.

Once Defendant was transferred to ICE custody, the United States has not interfered in the deportation process or otherwise sought to delay Defendant's removal from the United States. When an alien is subject to a final order of removal, the Immigration and Nationality Act ("INA") provides that the Executive Branch "shall remove the alien from the United States within a period of 90 days." *See* 8 U.S. Code § 1231(a)(1)(A). Immigration detention, as codified under 8 U.S.C. § 1226, is for the purpose of detention "pending a decision on whether the alien is to be removed from the United States."

Here, Defendant was issued a final order of removal in the form of an Expedited Removal. 8 CFR § 235.3. This order, issued by a designated official, is final, and the alien is entitled neither to a hearing before an immigration judge nor an appeal to the Board of Immigration Appeals. 8 CFR § 235.3(b)(2)(ii). Therefore, ICE does not have the authority to detain these individuals beyond what is reasonably necessary for deportation. *See Clark v. Martinez*, 543 U.S. 371 (2005).

In certain instances, DHS may parole aliens otherwise inadmissible "only if the Attorney General decides … release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity … *and is likely to appear for any scheduled proceeding*." 8 U.S.C. § 1226(c)(4) (emphasis added). This provision is specifically for material witness; therefore, ICE does not have the authority to simply parole aliens who are otherwise inadmissible in order for them to remain in the United States. In very limited cases, ICE is able to exercise its discretion and prohibit the departure of an alien who is a party to any criminal case under investigation or pending in the United States. 8 CFR § 215.3. However, this discretion is limited to exceptional circumstances where ICE is able to facilitate other means of supervision, such as ankle monitoring, as the alien remains inadmissible and subject to deportation. The United States has not determined that Defendant's case reaches the necessary

threshold to request ICE withhold from proceeding with their otherwise statutorily mandated duty, nor does the United States believe that ICE would be able or willing to comply with such a request given that it would necessitate supervising hundreds of defendants.

Accordingly, without the option to keep Defendant in immigration detention, nor parole them into the country, the United States has not interfered in the deportation process or otherwise sought to delay Defendant's removal from the United States.

2. ICE Custody/Deportation Dates

Attached to this Response, the United States provides the Court a spreadsheet of information relevant to the Court's directive regarding when defendants—including the defendant in this case—were placed into ICE custody, when they were removed, and to where they were removed. *See* Ex. 1.

3. The Government's Request to Grant Dismissal Without Prejudice

The Government again requests that the Court grant the United States' unopposed motion to dismiss without prejudice. Although such dismissal requires the court's leave, its power to deny such a motion is limited. *United States v. Casados*, No. 11-CR-00440-PAB, 2011 WL 6300942, at *1 (D. Colo. Dec. 16, 2011) (citing *United States v. Carrigan,* 778 F.2d 1454, 1463 (10th Cir. 1985)). "The primary purpose of the requirement that the prosecutor obtain leave of court is to prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). Nothing of the sort has been suggested here. Nor would Defendant be unfairly prejudiced by dismissal without prejudice. Should Defendant return to the United States without permission and face the resumption of this prosecution, Defendant will again be afforded the right to counsel and every other right that accompanies a criminal prosecution. As a district court in one of sister districts observed in a similar situation, "[T]here is no reason why that [electing to deport a defendant while pending charges] by the government should confer immunity on Defendant for the alleged offense.

3

The prospect of refiling obviously gives Defendant a disincentive to unlawfully reenter the country, but that is not manifestly contrary to the public interest." *United States v. Rojas*, No. 18-10048-01-JWB, 2018 WL 6696570, at *3 (D. Kan. Dec. 19, 2018).

The United States respectfully submits that the decision by the Department of Homeland Security to faithfully execute the laws of the United States by deporting Defendant does not warrant dismissing these charges with prejudice, but rather these charges should be dismissed without prejudice so that Defendant can be re-charged if Defendant reenters, attempts to reenter, or is found in the United States in the future.[1] Further, the public interest favors dismissal without prejudice, and there is no sort of government misconduct of any sort that could justify the extraordinary action of a district court exercising its supervisory powers to dismiss a charge with prejudice over the government's objection.

4. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter an order dismissing without prejudice Counts 2 and 3 of the Information as to Defendant in the interests of justice.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/   Filed Electronically on 7/2/2025*
ELIZABETH TONKIN
Special Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304

---

[1] The Government notes that this is already occurring. *See e.g.*, *United States v. Cisneros-Murillo*, 25-cr-1174 MIS (Defendant released and deported while National Defense Area (NDA) charges remain pending); 25-mj-2426 KRS (unlawfully returned to the United States and pending 8 U.S.C. § 1326 proceedings); *United States v. Hugo Uriel Lopez-Gaspar*, 25-cr-2091 (same), 25-mj-2555 (also unlawfully returned and facing 8 U.S.C. § 1326 proceedings while NDA charges remain pending).

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that I electronically filed the foregoing document using the Court's CM/ECF filing system which will send electronic notification to opposing counsel of record.

              *<u>/s/  Filed Electronically on 7/2/2025</u>*
              ELIZABETH TONKIN
              Special Assistant U.S. Attorney